

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| WILLIAM JOE PHILLIPS, § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:19-2156-MGL |
| § | |
| WARDEN OF PERRY CORRECTIONAL § | |
| INSTITUTION § | |
| Respondent. § | |

**AMENDED ORDER GRANTING PETITIONER'S FED. R. 60(B)(6) MOTION,**
**ADOPTING THE REPORT AND RECOMMENDATION,**
**AND GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

### I.  INTRODUCTION

Petitioner William Joe Phillips (Phillips) filed this 28 U.S.C. § 2254 petition against Respondent Warden of Perry Correctional Institution (the Warden). Phillips is self represented.

The matter is before the Court for consideration of Phillips's Fed. R. Civ. P. 60(b)(6) motion and review of his objections to the Report and Recommendation (Report) of the United States Magistrate Judge, which suggests the Court grant the Warden's motion for summary judgment.

### II.  PHILLIPS'S RULE 60(B)(6) MOTION

Here is a brief summary of the relevant dates and events the Court will consider in adjudicating Phillips's Rule 60(b)(6) motion.

**May 13, 2020**     The Magistrate Judge filed the Report, which suggested that the Court grant the Warden's motion for summary judgment.

**May 27, 2020**          The objections to the Report were due.

**May 28, 2020**          The Court filed an Order adopting the Report and granting the Warden's motion for summary judgment.  The Court noted in the Order that Phillips failed to file any objections to the Report.

**June 11, 2020**         The Clerk entered Phillips's objections.  A review of his objections reveals that Phillips delivered his objections to the prison officials on May 27, 2021.  For purposes of calculating filing dates, objections are deemed filed when the prisoner delivers his objections to prison officials.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) ("[T]he Court of Appeals had jurisdiction over petitioner's appeal because the notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court.").  Thus, Phillips's objections are considered to have been filed on May 27, 2020.  As the Court noted above, that is the date they were due.  Thus, his objections to the Report were timely.

**August 6, 2021**        The Clerk entered Phillips's Rule 60(b)(6) motion.  The Warden filed a response in opposition to the motion on August 20, 2021; and the Clerk entered Phillips's reply in support on September 1, 2021.

**December 20, 2021**  Respondent filed a reply to Phillips's objections.

Phillips maintains that the Court erred in adopting the Report and granting the Warden's motion for summary judgment without considering his timely-filed objections.  Phillips's brings his Rule 60(b) motion under clause (6) of the rule.

As per Rule 60(b)(6), "[o]n motion and just terms, the [C]ourt may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." That said, it has been long settled that "a movant seeking relief under Rule 60(b)(6) [must] show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citation omitted) (internal quotation marks omitted).  And, such a motion must be filed within a "reasonable time[.]"  Fed. R. Civ. P. 60(c)(1),

The Warden contends, however, that Phillips's motion actually falls under clause (1) of Fed. R. Civ. P. 60(b).  As per Rule 60(b)(1), "[o]n motion and just terms, the [C]ourt may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence,

2

surprise, or excusable neglect[.]" *Id.*. A Rule 60(b)(1) motion must be filed within one year of judgment. Rule 60(c)(1).

The Fourth Circuit has relied on Rule 60(b)(6) to address a court's mistake. *See Compton v. Alton Steamship Co.*, 608 F.2d 104 n.15 (4th Cir.1979) (declining to resolve whether the court's mistake constituted clause (1) "mistake," because relief was available under clause (6)). Additionally, the Fourth Circuit has noted that, because Rule 60(b)'s "grounds for relief often overlap," the Court is "free . . . to do justice in cases in which the circumstances generally measure up to one or more itemized grounds." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir.1984) (citing *Compton*, 608 F.2d at 102).

Phillips's motion arguably comes under both clauses (1) and (6) of Rule 60(b). But, Phillips filed his motion outside the one-year limitation set forth in Rule 60(b)(1), therefore barring him from obtaining relief under clause (1). And, as the Court will explain below, he "is faultless [for] the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Accordingly, "to do justice[,]" *id.,* the Court will analyze Phillips's motion under clause (6) of Rule 60(b).

According to Phillips's affidavit in the matter, he attests that he never received the Court's May 28, 2020, order adopting the Report and granting the Warden's motion for summary judgment. Instead, he discovered the Order while doing a July 2021 search on Westlaw. Phillips's Affidavit ¶ 5. As the Court noted above, he filed his Rule 60(b)(6) motion the next month, on August 6, 2021.

The Warden has failed to challenge Phillip's sworn statement; and the Court can think of no reason to disbelieve him. As such, the Court concludes Phillips's filing his Rule 60(b)(6) over fourteen months after the Court's May 28, 2020, Order was not caused by neglect and is not outside the "reasonable time" requirement of Fed. R. Civ. P. 60(c)(1), And, as the Court detailed above, although the Court did not receive Phillips's objections until fifteen days after the objection

deadline, the record show that he delivered them to the prison official by the May 27, 2021, deadline, which the Court construes as the file date.

These facts easily meet the "extraordinary circumstances" requirement mandated in *Gonzalez*. Accordingly, the Court will grant Phillips's Rule 60(b)(6) motion. Given that decision, the Court will consider his objections to the Report.

### III.    THE REPORT

The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge concluded that Phillips's Section 2254 petition is untimely and he is entitled neither to an exception to the Section 2254 one-year statute of limitations nor to equitable tolling. The Magistrate Judge thus suggests the Court grant the Warden's motion for summary judgment.

### IV.    PHILLIPS'S OBJECTIONS

Phillips lodges seven objections against the Report.

First, Phillips contends that "[t]he Magistrate [Judge] erred in finding the second PCR action was untimely and successive and therefore . . . could not be considered properly filed, and in turn could not toll the federal time period." Objections at 1 (internal quotation marks omitted) (citation

omitted). Phillips "submits the State Court of last resort did not make a finding that the application was successive or untimely, but rather, only that [he] did not provide sufficient reason[ ]" "as to why the second PCR application should be allowed." *Id.* at 2. (internal quotation marks omitted) (alteration marks omitted).

The PCR court dismissed Phillips's second PCR on the grounds that it was both successive and untimely. And, the South Carolina Supreme Court concluded that Phillips "failed to show that there is an arguable basis for asserting that the determination by the lower court was improper. Accordingly, this matter is dismissed." June 27, 2019 South Carolina Supreme Court Order.

Thus, the Supreme Court effectively affirmed the lower court's decision that Phillips's second petition was successive and untimely. Therefore, the Court will overrule this objection.

Second, Phillips maintains that "[t]he Magistrate [Judge] erroneously applied *Holland v. Florida,* 560 U.S. 631 (2010), by failing to consider that [Phillips] has . . . at all times been exercising due diligence in pursuing his rights as evidenced by the fact that while the first PCR was pending on appeal, [he] filed the second application in a diligent attempt to raise the federal constitutional claims [that] State appointed PCR counsel couched and abandoned." Objection at 2.

According to *Holland*, a petitioner such as Philips "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted) (citation omitted). But, the record shows Phillips failed to "pursu[e] his rights diligently." *Id*. As the Magistrate Judge noted, "it was up to [Phillips] to file his federal habeas petition. Instead, he chose to file an untimely and successive state action. There is no suggestion that PCR counsel somehow prevented the act of filing the federal petition or caused the filing to be untimely." Report at 11. Thus, because Phillips failed to exercise diligence in filing his Section 2254 petition with this Court, the Court will overrule this objection, too.

Third, Phillips argues that "[t]he Magistrate [Judge] erred in finding that [his] allegation[s] do not show abandonment by State appointed PCR Counsel, but rather are solely as to PCR counsel's decision to narrow the focus of the PCR [a]ction." Objections at 3 (citation omitted).

But, the "PCR counsel's decision to narrow the focus of the PCR [a]ction[,]" *id.*, has nothing to do with Phillips's untimely filling of his Section 2254 petition. Again, "[t]here is no suggestion that PCR counsel somehow prevented the act of filing the federal petition or caused the filing to be untimely." Report at 11. Therefore, the Court will also overrule this objection.

In Phillips's fourth objection, he states that"[t]he Magistrate [Judge] erred in not considering that PCR counsel is appointed by state statute and during the PCR hearing appointed PCR counsel candidly stated "PCR counsel and the attorney general have decided that they would be raising only one issue." Objections at 4. According to Phillips, "[i]f this type of action is allowed, then the State gains a tactical advantage by appointing PCR counsel[.]" *Id*.

But, having made a de novo review of the record, the Court has found the actual quote from Phillips's PCR counsel concerning this issue: "I've discussed with the attorney general we're going on ineffective assistance of counsel because of his educational level. That's all we're doing." PCR Transcript at 5:2-4. Contrary to Phillips's suggestion otherwise, there is nothing here that suggests PCR counsel and the state are in collusion with one another. And, the fact that PCR is appointed by the state, without more, is insufficient to show Phillips was somehow disadvantaged. Consequently, the Court will also overrule this objection.

Fifth, Phillips contends that "[t]he Magistrate [Judge] erred in finding [his] second PCR application was untimely because South Carolina does not prohibit second applications[.]" Objections at 4 (emphasis omitted). Phillips further argues that "South Carolina also does not impose any filing preconditions for successive PCR applications." *Id*.

As the Court stated above, the state PCR court concluded Phillips's second PCR on the grounds that it was both successive and untimely. And, the Supreme Court effectively affirmed that decision. *See* June 27, 2019 South Carolina Supreme Court Order (stating Phillips "failed to show that there is an arguable basis for asserting that the determination by the lower court was improper. Accordingly, this matter is dismissed.").

Phillips has failed to show how the Magistrate Judge was mistaken in relying on the Supreme Court's conclusion. Consequently, the Court will overrule this objection, too.

Sixth, Philips maintains the Magistrate Judge erred in its understanding and application of *Artuz v. Bennett*, 531 U.S. 4 (2000). In that case, the Supreme Court stated that it "express[ed] no view on the question whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." *Id*. at 9 n.2. According to Phillips, South Carolina has such exceptions, but the Magistrate Judge failed to consider them.

Five years after *Artuz*, however, the Supreme Court held "that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

The same logic applies here: "[b]ecause the state court rejected [Phillips's PCR] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Id*. Accordingly, the Court will overrule this objection, as well.

Seventh, Phillips argues that "[t]he Magistrate [Judge] erred in denying the habeas petition based solely on the statute of limitations [without] reviewing the merits of the underlying federal constitutional claims." Objections at 5.

But, given that the Magistrate Judge concluded Phillips's petition is time barred and that equitable tolling is inapplicable, it was unnecessary for him to address the merits of Phillips's

petition. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc*., 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently *sufficient*, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta."). Accordingly, the Court will overrule this objection, too.

## V.     CONCLUSION

As the Court noted above, it is the judgment of the Court Phillips's Rule 60(b)(6) is **GRANTED**. Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Phillips's objections, adopts the Report, and incorporates it herein. As such, the Warden's motion for summary judgment is **GRANTED**; and Phillips's § 2254 petition is **DISMISSED WITH PREJUDICE**.

To the extent Phillips moves for a certificate of appealability, his request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 9th day of February, 2022, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE


\*\*\*\*\*
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.